1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

ESTEVAN R. LUCERO,

Case No.:  20-CV-2411-CAB-JLB

11

Plaintiff,

**ORDER GRANTING MOTION TO DISMISS**

12

v.

13

SANDY RAMIREZ et al.,

14

Defendants.

[Doc. No. 10]

15
16
17

    This matter is before the Court on Defendants' motion to dismiss the first amended

18

complaint ("FAC").  The motion has been fully briefed, and the Court deems it suitable for

19

submission without oral argument.  As discussed below, the motion is granted.

20

**I.    California State Bar Disciplinary Procedures**

21

    Plaintiff alleges various violations of his federal constitutional rights in connection

22

with disciplinary proceedings before the State Bar of California (the "State Bar").  The

23

FAC contains various claims about how the State Bar's disciplinary proceedings operate,

24

and a general understanding of the disciplinary system is necessary to evaluate the merits

25

of Defendants' motion to dismiss.  To that end, the California Supreme Court has

26

summarized the disciplinary system as follows:

27
28

Pursuant to procedures it has adopted by rule, this court appoints the judges of the State Bar Court (rule 961), which includes a Hearing Department and a Review Department (([Cal. Bus. & Prof Code] §§ 6079.1, 6086.65).

The Hearing Department conducts evidentiary hearings on the merits in disciplinary matters. (Rules Proc. of State Bar (hereafter, Rules of Procedure), rules 2.60, 3.16.) An attorney charged with misconduct is entitled to receive reasonable notice, to conduct discovery, to have a reasonable opportunity to defend against the charge by the introduction of evidence, to be represented by counsel, and to examine and cross-examine witnesses. (§ 6085.) The Hearing Department renders a written decision recommending whether the attorney should be disciplined. (Rules Proc., rule 220.) Any disciplinary decision of the Hearing Department is reviewable by the Review Department at the request of the attorney or the State Bar. (*Id.*, rule 301(a).) In such a review proceeding, the matter is fully briefed, and the parties are given an opportunity for oral argument. (*Id.*, rules 302–304.) The Review Department independently reviews the record, files a written opinion, and may adopt findings, conclusions, and a decision or recommendation at variance with those of the Hearing Department. (*Id.*, rule 305.) A recommendation of suspension or disbarment, and the accompanying record, is transmitted to this court after the State Bar Court's decision becomes final. (§ 6081; Rules Proc., rule 250.)

Although disciplinary proceedings in the State Bar Court include quasi-judicial evidentiary hearings and decisions rendered by official adjudicators, the State Bar Court is not an ordinary administrative agency. "[The State Bar Court] is not an administrative board in the ordinary sense of the phrase. It is sui generis. ... [¶] ... [I]n matters of discipline and disbarment, the State Bar [Court] is but an arm of this court, and ... this court retains its power to control any such disciplinary proceeding at any step. [Citation.]" (*Brotsky v. State Bar* (1962) 57 Cal.2d 287, 300–301, 19 Cal.Rptr. 153, 368 P.2d 697; *see also In re Attorney Discipline System*, [19 Cal. 4th 592, 599 (1998)] [The State Bar is not in the same class as state administrative agencies placed within the executive branch].) In creating the State Bar and the State Bar Court, the Legislature expressly acknowledged that this court retains all disciplinary authority the court had prior to the passage of the State Bar Act. (§§ 6087, 6100.) The State Bar may make only recommendations to this court, which undertakes an independent determination whether the attorney should be disciplined as recommended. (*In re Attorney Discipline System*, *supra*, 19 Cal.4th at pp. 600–601, 79 Cal.Rptr.2d 836, 967 P.2d 49; *In re Shattuck* (1929) 208 Cal. 6, 12, 279 P. 998.)

*In re Rose*, 22 Cal. 4th 430, 438–39 (2000).

## II.     Allegations in the First Amended Complaint

Pro se Plaintiff Estevan R. Lucero is the subject of a conviction referral disciplinary action State Bar.  [Doc. No. 8 at ¶ 1.]  Defendants are each attorneys for the State Bar. Defendant Sandy Ramirez is a trial prosecutor with the Office of Chief Trial Counsel ("OCTC") of the State Bar.  [*Id.* at ¶ 2.]  Defendant Melanie Lawrence is Interim Chief Trial Counsel of OCTC.  [*Id.* at ¶ 3.]  Defendant Vanessa Holton is General Counsel of the State Bar.  [*Id.* at ¶ 4.]  Defendant Lawrence Jeffrey Dal Cerro is Special Deputy Trial Counsel Administrator for the State Bar.  [*Id.* at ¶ 5.]

According to the FAC, the State Bar initiated disciplinary proceedings against Plaintiff in December 2019.  In March 2020, Plaintiff's proceedings were referred to the State Bar's Alternative Discipline Program ("ADP").  [*Id.* at ¶ 15.]  In April 2020, the ADP judge determined that Plaintiff was eligible to participate in the ADP because Plaintiff's substance abuse contributed to the misconduct at issue in the disciplinary proceedings.  [*Id.* at ¶ 19.]  Ramirez had argued to the ADP judge that Plaintiff was not eligible to participate in ADP.  [*Id.*]

According to the FAC, after the ADP judge's finding, the final step before Plaintiff could be fully accepted into the ADP was the ADP Court's approval of a stipulation of facts and conclusions of law signed by Plaintiff and the State Bar.  [*Id.* at ¶ 20.]  The FAC alleges that instead of cooperating with Plaintiff to reach a stipulation, Ramirez commenced a "fraudulent scheme" to "maliciously harm and injure" Plaintiff, including: (1) requiring the stipulation to contain false facts and unwarranted conclusions of law; (2) changing the stipulation prior without Plaintiff's knowledge; (3) manufacturing evidence; and (4) initiating prosecution of three additional disciplinary matters without having previously informed Plaintiff that the investigations into these matters had been pending. [*Id.* at ¶ 23.]  The FAC also alleges that Ramirez interfered in Plaintiff's underlying criminal matter by making false statements in ex parte communications with the district attorney.  [*Id.* at ¶ 24.]

Plaintiff filed a complaint against Ramirez with the State Bar contending that her "continued involvement in matters involving [Plaintiff] creates an appearance that she may not exercise the discretionary functions of her office in an evenhanded manner." [*Id.* at ¶ 25.] Notwithstanding Plaintiff's complaint to the State Bar, Ramirez has not recused from Plaintiff's disciplinary proceedings, and Lawrence has not removed Ramirez and recused the OCTC as a whole from Plaintiff's State Bar disciplinary proceedings. [*Id.* at ¶ 25.]

Dal Cerro allegedly was responsible for reviewing Plaintiff's ethics complaint against Ramirez. [*Id.* at ¶ 29.] After a preliminary review, "he indicated that Ramirez's conduct is undeserving of discipline" and that Plaintiff's complaint did "not contain even a colorable violation." [*Id.* at ¶ 30.] The FAC alleges Dal Cerro did not consult with Plaintiff before reaching this conclusion and that his review was "little more than an eloquently worded rubber-stamp." [*Id.*] Holton then refused Plaintiff's demand to appoint an impartial special counsel to review his ethics complaint about Ramirez. [*Id.* at ¶ 33.]

Based on these allegations, the FAC purports to assert a total of six claims: (1) denial of due process under 42 U.S.C. § 1983; (2) "class of one" equal protection under 42 U.S.C. § 1983; (3) conspiracy to interfere with civil rights under 42 U.S.C. § 1985; (4) "neglect to prevent" under 42 U.S.C. § 1986; (5) injunctive relief; and (6) declaratory relief. The first claim is against Ramirez alone; the remaining claims are against all defendants. In the prayer for relief, the FAC seeks declaratory judgment "concerning whether Defendants' conduct complies with the due process and equal protection clauses of the United States and California Constitution," recusal of Ramirez and Dal Cerro from Plaintiff's disciplinary proceedings and his ethics complaint against Ramirez; and damages. In the body of the FAC, Plaintiff states that he "brings this injunctive relief action for an order directing Lawrence to recuse the OCTC from further involvement in the State Bar Case and appointing Special Counsel. [*Id.* at ¶ 26.]

Defendants move to dismiss the FAC under Rule 12(b)(1) for lack of subject matter jurisdiction, under Rule 12(b)(3) for improper venue, and under Rule 12(b)(6) for failure to state a claim.

### III.   *Younger* **Abstention**

Defendants argue that the Court must abstain from exercising jurisdiction over Plaintiff's complaint pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). "*Younger v. Harris* [] and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431, (1982). "Absent 'extraordinary circumstances', abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh v. Justs. of Supreme Ct. of State of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995). "If these 'threshold elements' are met, [the court must] then [(4)] consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (citing *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (en banc)).

"In addressing *Younger* abstention issues, district courts must exercise jurisdiction except when specific legal standards are met, and may not exercise jurisdiction when those standards are met; there is no discretion vested in the district courts to do otherwise." *Vasquez v. Rackauckas*, 734 F.3d 1025, 1035 (9th Cir. 2013) (citation omitted). Thus, "[w]here *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, *Younger* abstention requires *dismissal* of the federal action." *Beltran v. State of Cal.*, 871 F.2d 777, 782 (9th Cir.1988) (emphasis in original).

### A. Ongoing State Proceedings Implicating Important State Interests

Here, Plaintiff does not contest that his ongoing disciplinary proceedings satisfy the first two requirements for *Younger* abstention. The Ninth Circuit has held that "California's attorney discipline proceedings are 'judicial in character' for purposes of *Younger* abstention." *Canatella v. California*, 404 F.3d 1106, 1110 (9th Cir. 2005).

Indeed, "the [California] Supreme Court retains inherent jurisdiction over attorney disciplinary matters." *Hirsh*, 67 F.3d at 712. The Ninth Circuit has also "clearly stated that 'California's attorney disciplinary proceedings implicate important state interests.'" *Canatella*, 404 F.3d at 1110 (quoting *Hirsh*, 67 F.3d at 712).

## B. Adequate Opportunity to Litigate Federal Claims

Plaintiff disputes that the third requirement for *Younger* abstention is satisfied. It is Plaintiff's burden "to show 'that state procedural law barred presentation of [his federal] claims." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (quoting *Moore v. Sims*, 442 U.S. 415, 432 (1979)). Plaintiff cannot satisfy this burden here. The Ninth Circuit has held that California's attorney disciplinary proceedings provide attorneys who are subject to discipline with an adequate opportunity to litigate federal constitutional claims. *See Canatella*, 404 F.3d at 1111 ("Federal constitutional rights may be asserted in disciplinary proceedings, and on judicial review of such proceedings.") (internal citation omitted); *see also Dydzak v. California*, No. CV08-7765VAP(AGR), 2009 WL 499745, at *6 (C.D. Cal. Feb. 26, 2009) ("Federal constitutional claims (including due process, bias, and disqualification) may be raised in the State Bar Court and the California Supreme Court, which satisfies the third prong of *Younger* abstention.").

Plaintiff contends, without citation to any authority, that "raising constitutional challenges effectively disqualifies Plaintiff from continued participation in the ADP since such issue[s] may only be raised in the trial department." [Doc. No. 12 at 10.] Even assuming the truth of this assertion, it does not satisfy Plaintiff's burden. That his disciplinary proceeding has been referred to the ADP does not mean he is prohibited from litigating his federal claims in the State Bar proceedings. The ADP is simply an avenue of the State Bar's disciplinary proceedings, and if Plaintiff does not comply with the requirements for admission into the ADP, the ADP judge may return the attorney's case for processing as a standard disciplinary proceeding. *See* Rules of Proc. of California State Bar § 5.380 *et seq*. To the extent Plaintiff feels he cannot adequately litigate his federal claims through the ADP, he can simply opt out of the program and proceed through

standard disciplinary proceedings.  Plaintiff's desire to have his disciplinary proceeding handled through the ADP does not change the fact that he has an adequate opportunity to litigate his federal constitutional claims by seeking review of the State Bar Court's disciplinary recommendation from the California Supreme Court.  The third requirement for *Younger* abstention is therefore satisfied.

### C. Practical Effect of Enjoining State Proceedings

Next, Plaintiff contends that he does not seek to enjoin his State Bar disciplinary proceedings.  In the FAC, however, Plaintiff states that he "brings this injunctive relief action for an order directing Lawrence to recuse the OCTC from further involvement in the State Bar Case and appointing Special Counsel." [Doc. No. 8 at ¶ 26.]  Requiring the recusal of the entire department of the State Bar responsible for prosecuting disciplinary cases in State Bar Court would have the practical effect of enjoining Plaintiff's disciplinary proceedings.  Accordingly, this final requirement for *Younger* abstention is satisfied.

### D. Exceptional Circumstances

"An exception to *Younger* abstention exists if there is a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Roshan v. Lawrence*, No. 20-CV-04770-AGT, 2021 WL 151979, at *4 (N.D. Cal. Jan. 18, 2021) (quoting *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008)).  Thus, even when the four *Younger* factors are satisfied, a federal court may intervene when it "properly finds that the state proceeding is motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whether manner and against whomever an effort might be made to apply it.'" *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975).

Plaintiff fails to demonstrate any harassment, bad faith, or other extraordinary circumstance making abstention inappropriate.  As examples of the alleged conduct by Defendants that purportedly warrants an exception, Plaintiff merely lists allegations

7

demonstrating his dissatisfaction with how Defendants have handled his disciplinary proceedings, and concludes their conduct was in bad faith. [Doc. No. 12 at 11-12.] Bad faith in this context, however "'generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction.'" *Baffert v. California Horse Racing Bd.,* 332 F.3d 613, 621 (9th Cir. 2003) (quoting *Kugler v. Helfant*, 421 U.S. 117, 126 n. 6 (1975)). None of Plaintiff's conclusory allegations create a plausible inference that the disciplinary proceedings against him were commenced or prosecuted in bad faith.

Plaintiff also contends that he has demonstrated that "the State Bar is *incapable* of fairly and fully adjudicating the issues raised by him." [Doc. No. 12 at 13 (*emphasis* in original)] The relevant question for *Younger* abstention, however, is not whether the State Bar is capable, but whether the California Supreme Court, who, as explained above is the actual decision maker in any State Bar disciplinary proceeding, is capable of addressing his claims. *See Hirsh*, 67 F.3d at 713-14 (noting that "abstention is inappropriate in the 'extraordinary circumstance' that the *state tribunal* is incompetent by reason of bias" and that "the Bar Court functions as an administrative arm of the [California Supreme] Court, which maintains final authority over discipline.") (*emphasis* added). Plaintiff makes no allegations and offers no evidence that overcomes the "presumption of honesty and integrity" of the California Supreme Court. *Id.* at 714.

Accordingly, because all of the requirements for *Younger* abstention are satisfied, and no exceptional circumstances apply, the Court is obligated to abstain from exercising jurisdiction over Plaintiff's claims. If this were the only grounds for the instant motion, the Court would dismiss Plaintiff's claims seeking injunctive and declaratory relief related to his disciplinary proceedings, and stay his claims seeking monetary damages. *See Gilbertson*, 381 F.3d at 975 ("[A]n abstention-based stay order, rather than a dismissal, is appropriate when damages are at issue."). As discussed below, however, Plaintiff's claims are also subject to dismissal for other reasons.

## IV.   Immunity From Liability for Monetary Damages

All of the defendants are immune from liability for monetary damages with respect to any claims against them in their official capacities. "The Eleventh Amendment's grant of sovereign immunity bars monetary relief from state agencies such as California's Bar Association and Bar Court . . . [and] extends to the individual defendants acting in their official capacities." *Hirsh*, 670 F.3d at 715. Plaintiff concedes this point, but he contends that he is suing Defendants in the official capacities only with respect to his claims for injunctive and declaratory relief, and in their individual capacities with respect to his claims under 42 U.S.C. §§ 1983, 1985, and 1986 for monetary relief.

Defendants also argue that Ramirez is entitled to quasi-judicial immunity for Plaintiff's claims against her in her individual capacity. "Bar Court judges and prosecutors have quasi-judicial immunity from monetary damages." *Id*; *see also Dowd v. California State Bar*, No. 1:14-CV-00117-AWI-SK, 2014 WL 2858798, at *3 (E.D. Cal. June 23, 2014) ("Administrative courts and prosecutors enjoy quasi-judicial immunity from monetary damage suits so long as they perform functions similar to judges and prosecutors in a court-like setting.") (citing *Butz v. Economous*, 438 U.S. 478 (1978)).

Plaintiff argues that Ramirez is not entitled to quasi-judicial immunity because her alleged wrongdoing occurred in the ADP as opposed to a standard disciplinary proceeding and therefore she was not functioning similar to a prosecutor in a court-like setting. The Court is not persuaded. The ADP is a component of the State Bar Court and an alternative form of resolution or settlement of a disciplinary proceeding. Even Plaintiff's conclusory characterizations of the conduct in question demonstrates that it is the conduct of a prosecutor in a "court-like setting."[1] All of Plaintiff's individual capacity allegations as to

---

[1] Plaintiff argues that Ramirez harmed him "when she (a) asserted positions for the purpose of harassing and maliciously injuring him (b) presented claims or defenses that were unwarranted under existing law without a good faith argument for an extension, modification, or reversal of the existing law, (c) knowingly made false statements of fact or law to a judge in an unrelated matter and failed to correct them (d) and knowingly falsified evidence." [Doc. No. 12 at 18,] Putting aside that these are conclusions and not allegations of fact, the underlying conduct (asserting positions, presenting claims and evidence in court)

Ramirez involve conduct performed as a state prosecutor after Plaintiff's disciplinary proceedings were initiated and not, as Plaintiff argues, as an investigator beforehand. Accordingly, Ramirez is entitled to quasi-judicial immunity to Plaintiff's claims against her in an individual capacity.

## V.    Failure to State a Claim

The motion does not argue that any of the other Defendants are entitled to quasi-judicial immunity, and Defendants concede that Eleventh Amendment immunity does not apply to claims against Defendants in their individual capacity.   Accordingly, the combination of (a) the application of *Younger* abstention to the claims for injunctive and declaratory relief, (b) Eleventh Amendment immunity for claims against Defendants in their official capacities, and (c) quasi-judicial immunity for Ramirez, does not allow for dismissal of Plaintiff's claims for monetary damages against the other three Defendants in their individual capacities.   Nevertheless, all of Plaintiff's monetary damages claims are also subject to dismissal for failure to state a claim under Rule 12(b)(6).[2]

---

is all conduct of a prosecutor serving as an advocate for the State Bar in a court proceeding.   That it occurred while Plaintiff's disciplinary proceeding was in the ADP does not eliminate Ramirez's quasi-judicial immunity for claims arising out of such conduct because it was all conduct of an advocate for the State Bar.   "Prosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority."   *Asheman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986).

[2] The Court applies the familiar standards here.   To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."   *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).   On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."   *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).   Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."   *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).   "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."   *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

20-CV-2411-CAB-JLB

## A. Denial of Due Process Under 42 U.S.C. § 1983

The FAC states that Plaintiff "has a property interest in his license to practice law and enjoys a right to due process at all phases of State Bar proceedings against [him]." [Doc. No. 8 at ¶ 37.] Plaintiff asserts this claim against Ramirez only, alleging that she "abused the authority of her office and intentionally used one or more legal procedures in order to achieve an improper purpose and deprive [Plaintiff] of due process, including, but not limited to: unlawfully interfering in [Plaintiff's] criminal matter, falsifying evidence, and presenting meritless and frivolous positions in the ADP Court." [*Id.*]  In sum, Plaintiff contends that he has not received procedural due process in his ongoing disciplinary proceedings based on prosecutorial misconduct by Ramirez.  Even assuming Ramirez is not entitled to quasi-judicial immunity, the FAC does not state a claim against her for denial of due process.

First, the FAC alleges no facts to support these conclusory statements of misconduct by Ramirez.  The Court is not required accept such conclusions as true on a motion to dismiss.  *Daniels-Hall*, 629 F.3d at 998.  This alone is grounds to dismiss this claim under Rule 12(b)(6).

Second, even if Plaintiff alleged facts supporting these conclusions, such allegations would not be enough for this claim to survive.  "[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982).  Plaintiff's disciplinary proceedings are still pending, meaning that he cannot state a claim for a due process violation arising out of Ramirez's conduct because no trial has occurred yet.  Moreover, the Ninth Circuit has held that "[t]he State of California provides attorneys subject to discipline with more than constitutionally sufficient procedural due process." *Rosenthal v. Justs. of the Supreme Ct. of California*, 910 F.2d 561, 565 (9th Cir. 1990).  Thus, Plaintiff has ample opportunity to address Ramirez's alleged misconduct in his disciplinary proceedings or on a petition for review by the California Supreme Court.  Accordingly,

even if Ramirez did not have quasi-judicial immunity, the FAC does not state a claim against Ramirez for violation of due process.

## B. "Class of One" Equal Protection under 42 U.S.C. § 1983

"To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (internal quotation marks and citation omitted). "Although '[a] successful equal protection claim may be brought by a "class of one,"' the plaintiff still bears the burden of proving that she 'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Id.* at 1167 (quoting *SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002)). "[F]orms of state action, however, which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments," do not implicate "class of one" equal protection issues. *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 603 (2008). "It is no proper challenge to what in its nature is a subjective, individualized decision that it was subjective and individualized." *Id.* at 604. Thus, "class-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006).

Plaintiff asserts this equal protection claim against all four Defendants.  As to Ramirez, the claim appears to be premised on the same conclusory allegations that form the basis of Plaintiff's denial of due process claim.  As to Lawrence, Dal Cerro, and Holton, this claim appears to be premised on their handling of Plaintiff's ethics complaint against Ramirez.  The FAC, however, lacks any allegations of whom Plaintiff is similarly situated with, and how Defendants treated him differently from these similarly situated individuals.  Moreover, the conduct about which Plaintiff complains involves "subjective, individualized assessments" of Plaintiff's conduct underlying his disciplinary proceeding, or of Ramirez conduct in that proceeding, that preclude the existence of a "class of one"

equal protection claim. *Errico v. State Bar of Nevada*, No. 216CV01159APGNJK, 2017 WL 4350974, at *3 (D. Nev. Sept. 28, 2017) (dismissing "class of one" equal protection claim by attorney related to state bar disciplinary proceedings, noting that "[a] court should not extend the 'class of one' theory where 'the need for federal judicial review under equal protection "is especially thin,"' or where doing so would either upset or transform long-standing law or practices or 'generate a flood of new cases.'") (quoting *Engquist v. Oregon Dep't. of Agriculture*, 478 F.3d 985, 994–96 (9th Cir. 2007)).  Further, as Defendants point out, the outcome of his ethics complaint against Ramirez does not implicate any of *Plaintiff*'s rights and therefore cannot form the basis of a "class of one" equal protection claim.  Accordingly, the FAC fails to state a "class of one" equal protection claim.

## C. Claims under 42 U.S.C. § 1985 and 1986

Plaintiff's claim for conspiracy under section 1985 is premised on his claim that Defendants violated his rights under the equal protection clause of the Fourteenth Amendment.  However, "[t]he absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations."  *Caldeira v. Cty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989).  Accordingly, the FAC fails to state a claim under section 1985.  And because "[a] claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985," *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988), the FAC fails to state a claim under section 1986 as well.

## VI.   Improper Venue

Defendants also argue that the FAC should be dismissed for improper venue pursuant to Rule 12(b)(3). "Once venue is challenged, the plaintiff bears the burden of showing that venue is proper." *Synoptek, LLC v. Synaptek Corp.*, 326 F. Supp. 3d 976, 986 (C.D. Cal. 2017) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)).

According to 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The FAC alleges that venue is proper in this district "because the events or omissions giving rise to each of these causes of action occurred in San Diego County, State of California, within the Southern District."[3] [Doc. No. 8 at ¶ 8.] The factual allegations in the FAC, however, do not support this conclusion. All of Plaintiff's claims arise out of Defendants' conduct in connection with his disciplinary proceedings before the State Bar Court. The FAC does not allege that the State Bar Court was located in San Diego, or that any of the Defendants were in San Diego when the alleged wrongdoing occurred, and Plaintiff does not argue otherwise in his opposition. The only allegation in the FAC of any conduct by Defendants that could ostensibly be construed as having occurred in San Diego is the vague allegation that Ramirez communicated with the San Diego District Attorney concerning Plaintiff's criminal case. [Doc. No. 8 at ¶ 24.] This solitary allegation about Ramirez does not support a finding that "a substantial part of the events or omissions giving rise to" Plaintiff's claims against Ramirez along with three other Defendants occurred in this district.

In his opposition, Plaintiff argues that venue is proper here because his claims center on Ramirez's conduct in connection with the negotiation of a stipulation for the ADP judge. [Doc. No. 12 at 2.] Plaintiff analogizes the stipulation to a contract and cites authority concerning the determination of proper venue in contract disputes. This analogy is inapt and unpersuasive. Ramirez was acting in her role as a State Bar prosecutor, and a

---

[3] The FAC alleges that each of the Defendants reside in districts other than this one, so the first category does not apply.

stipulation of facts in a judicial context is not similar to a contract. Accordingly, the Court finds that Plaintiff has not satisfied his burden to demonstrate that venue is proper in this district.

Pursuant to 28 U.S.C. § 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Thus, in addition to all of the other grounds set forth herein, the FAC is subject to dismissal for improper venue as well.

## VII.  Conclusion

As discussed above: (1) the Court must abstain from exercising jurisdiction over Plaintiff's claims pursuant to *Younger*, which requires dismissal of claims for injunctive and declaratory relief and would (absent other grounds for dismissal) require staying any monetary damages claims; (2) all Defendants are entitled to Eleventh Amendment immunity from any claims for monetary damages against them in their official capacities; (3) Ramirez is entitled to quasi-judicial immunity for claims from monetary damages in her individual capacity; (4) the FAC fails to state a claim under Rule 12(b)(6) for violations of Plaintiff's rights under 42 U.S.C. §§ 1983, 1985, and 1986; and (5) Plaintiff has not satisfied his burden to demonstrate that this district is the proper venue for this action. Accordingly, for all of these reasons, Defendants' motion to dismiss is **GRANTED**. Because Plaintiff, having already amended once in response to a motion to dismiss, does not identify any additional facts that he could allege that would overcome all of these myriad deficiencies in the FAC, and because the Court finds that any amendment would be futile, this case is **DISMISSED WITH PREJUDICE**.

It is **SO ORDERED.**

Dated:  April 16, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge

15